NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| Aurelio Ray CAGNO,<br><br>      Petitioner-Movant/Cross-Respondent<br><br>v.<br><br>Charles WARREN, Administrator, New Jersey State Prison, and JOHN J. HOFFMAN, Acting Attorney General of New Jersey,<br><br>      Respondents/Cross-Movants. | Civ. No. 13-1551<br><br>SUPPLEMENTAL OPINION |

THOMPSON, U.S.D.J.

### I. INTRODUCTION

This matter comes before the Court on Petitioner's Motion for Additional Findings (Docket No. 23) and Respondents' Cross-Motion for a Stay Pending Appeal (Docket No. 24). On September 22, 2014, this Court issued an Opinion (the "September 22 Opinion") and Order granting the writ of habeas corpus vacating Petitioner's March 5, 2004 conviction in New Jersey Superior Court of conspiracy to commit racketeering and murder. (Docket No. 22). Petitioner's petition for the writ of habeas corpus stated three grounds for habeas relief. (Docket No. 1). This Court's September 22 Opinion vacated Petitioner's conviction on the third of these grounds. (Docket. No. 22). Petitioner has requested that this Court now rule on grounds one and two of his petition because of the possibility that Respondents will appeal the grant of the writ to the Third Circuit Court of Appeals. (Docket No. 23). Respondents have stated that they do intend to

appeal. (Docket No. 24). Accordingly, because an appeal is imminent, the Court will grant Respondents' cross-motion to stay its grant of the writ and make additional findings per Petitioner's request.

## II. ANALYSIS

The factual and procedural background of this case, as well as the pertinent legal standards, are discussed in the September 22 Opinion and need not be reiterated here. (*See* Docket No. 22 at 2-13). Ground one of Petitioner's habeas petition states as follows: "Petitioner's Fourteenth Amendment right to due process of law was violated because, in New Jersey where the statute of limitations is an element of the crime, the prosecution failed to prove that any conspirator had taken any action within the five-year statute of limitation." (Docket No. 1 at 10). Ground two, which is related, states "the trial court's jury instructions on the statute of limitations and termination of a conspiracy shifted the burden of proof to defendant in violation of the due process clause of the Fourteenth Amendment." (*Id*. at 13). The Court has already ruled on ground three, which states "Petitioner's Sixth Amendment right of confrontation was violated when the prosecution was allowed to present evidence of Salvatore Lombardino's refusal to testify, and use that refusal as evidence of the continued vitality of the conspiracy." (*Id*. at 16). In the September 22 Opinion, this Court stated that the State's use of Lombardino's refusal to testify as evidence of the continued vitality of a conspiracy was contrary to law clearly established by *Douglas v. Alabama*, 380 U. S. 415 (1965) and *Namet v. United States*, 373 U.S. 179 (1963). (Docket No. 22 at 15).

A. *Ground One*

In the superseding indictment of 2003, which is the basis of Petitioner's conviction, the State charged Petitioner with two counts; the count at issue here is racketeering conspiracy in the

first degree.  (*Id*. at 7).  The State alleged that five overt acts in furtherance of the conspiracy supported this charge: "(1) the planning and commission of the November 1988 murder of Angellino; (2) the May 1993 murder of Randazzo; (3) the January 1994 conversation between Lombardino and Rocco to develop an alibi for the murder of Randazzo; (4) Lombardino's refusal to testify in Petitioner's first trial on June 13, 2002; and (5) Lombardino's refusal to testify in Petitioner's first trial on June 18, 2002."  (*Id*.).  Lombardino's refusal to testify at Petitioner's first trial was the only evidence of the continued vitality of the conspiracy occurring within the statute of limitations.  (*Id*. at 14).

      The Court has ruled that the State should not have been allowed to present evidence regarding Lombardino's refusal to testify in 2002 because such evidence violated Petitioner's rights under the Sixth Amendment's confrontation clause.  (*Id*. at 16).  It is clear, then, that Petitioner must be granted habeas relief on ground one as well as ground three.  Under New Jersey law, the statute of limitations serves as an "absolute bar to the prosecution of the offense," which is "more than merely an affirmative defense to be asserted by a defendant."  *State v. Cagno*, 211 N.J. 488, 506 (2012) (quoting *State v. Short*, 131 N.J. 47, 55 (1993)).  As Respondents themselves stated, "[t]o convict a criminal defendant of conspiracy in New Jersey, the State must prove, as an element of the offense, that it continued into the limitations period, *i.e.*, the racketeering conspiracy was still in existence prior to the expiration of the five-year limitations period."  (Docket No. 12 at 42).

      In *Jackson v. Virginia*, 443 U.S. 307 (1979), the Supreme Court stated, citing the earlier case *In re Winship*, 397 U.S. 358 (1970), that it is "an essential of the due process guaranteed by the Fourteenth Amendment that no person shall be made to suffer the onus of a criminal conviction except upon sufficient proof—defined as evidence necessary to convince a trier of

fact beyond a reasonable doubt of every element of the offense." 443 U.S. at 316. The Third Circuit has recognized *Jackson v. Virginia* as well-established federal law. *See*, *e.g., Eley v. Erickson*, 712 F.3d 837, 847 (3d Cir. 2013) (evaluating petitioner's habeas claims under the standards established in *Jackson*). For the purposes of a *Jackson* claim, a federal court may only overturn a state court decision on habeas review if the state court's decision regarding the sufficiency of the evidence to prove every element of the offense beyond reasonable doubt was "objectively unreasonable." *See Coleman v. Johnson*, 132 S.Ct. 2060, 2062 (2012) (quoting *Cavazos v. Smith*, 565 U.S. 1, 4 (2011)).

As mentioned above, New Jersey law essentially makes the statute of limitations an element of the crime; in the language of the statute, an "'[e]lement of an offense' means . . . such result of conduct as . . . [n]egatives a defense under the statute of limitations." *See N.J.S.A.* 2C:1-14(h)(3)(d). This definition, read in conjunction with *Jackson*, means that at Petitioner's trial, the State was required to offer evidence to prove beyond a reasonable doubt that the racketeering conspiracy Petitioner was accused of being involved with had continuing vitality within the statute of limitations. As this Court noted in its September 22 Opinion, Lombardino's refusal to testify in 2002 was the only evidence offered to show that the conspiracy had continuing vitality into the limitations period. (*Id*. at 14). With this evidence excluded, there was no evidence offered to prove the conspiracy had continuing vitality into the limitations period. It would be objectively unreasonable to say that the existence of an element of the crime could be proven beyond a reasonable doubt in the absence of any evidence of the existence of that element. *See Fiore v. White*, 531 U.S. 225, 228–29 (2001) (where Pennsylvania statute criminalized operating a hazardous waste facility without a permit and "the Commonwealth

presented no evidence whatsoever to prove that basic element," defendant could not have been convicted of violating that statute).

By contrast, a defendant charged with federal racketeering conspiracy in the Second Circuit does not have the advantage of the statute of limitations being an element of the crime, and, furthermore, there is a presumption there that a racketeering conspiracy continues until the defendant proves otherwise. *See*, *e.g. United States v. Yannotti*, 541 F.3d 112, 123 (2d Cir. 2008). However, even the Second Circuit Court of Appeals has recognized that the prosecution must offer some minimal evidence that a racketeering conspiracy continued into the limitations period where the defendant in question was incarcerated during the entirety of the limitations period and there was no evidence that the defendant engaged in any activities in furtherance of a racketeering conspiracy while incarcerated, as was the case with Petitioner here. *See United States v. Morales*, 185 F.3d 74, 80–81 (2d Cir. 1999). The fact that the statute of limitations is an element of the crime in New Jersey means that the prosecution cannot present a case that relies on the jury finding that a conspiracy that began outside the limitations period continued into the limitations period without offering some evidence offered to prove that fact. Accordingly, it is the view of the Court that because the State should not have been allowed to present evidence about Lombardino's refusal to testify, the State also failed to prove beyond a reasonable doubt that the racketeering conspiracy continued into the limitations period.

B.  *Ground Two*

Ground two of Petitioner's habeas petition focuses on the trial court's jury instructions. The ultimate question in a habeas challenge to a jury instruction is whether "the ailing instruction by itself so infected the entire trial that the resulting conviction violates due process;" it is not enough for the jury instruction to have been merely deficient or erroneous. *Estelle v. McGuire*,

502 U.S. 62, 72 (1991) (quoting *Cupp v. Naughten*, 414 U.S. 141, 147 (1973)).  Importantly, on habeas review, jury instructions "'may not be judged in artificial isolation,' but must be considered in the context of the instructions as a whole and the trial record." *Id*. (quoting *Cupp v. Naughten*, 414 U.S. 141, 147 (1973)).

As Respondents point out, the trial court had numerous occasions to give the jury instructions regarding the racketeering conspiracy count.  (Docket No. 12 at 37-40).  At every turn, the trial court emphasized that the prosecution bore the burden of proving beyond a reasonable doubt that there was some overt act in furtherance of the conspiracy, or that the conspiracy had continuing vitality, after January 2, 1998.  (*Id*.).  Accordingly, it cannot be said that the Petitioner's due process rights were violated through these instructions, and it is the opinion of the Court that Petitioner should not be granted habeas relief on ground two.  However, because this issue is so intertwined with the issues presented in ground one and because a reasonable jurist could debate the merits of Petitioner's arguments presented in ground two, this Court will grant Petitioner's request for a certificate of appealability on ground two.  *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (stating that for a habeas petitioner to be granted a certificate of appealability where the district court has rejected petitioner's claims on the merits, "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.").

## V.  CONCLUSION

For the reasons set for above, the Court finds that Petitioner's Fourteenth Amendment due process rights were violated when he was convicted of conspiracy to commit racketeering at Petitioner's second trial because the state should not have been allowed to present evidence of Salvatore Lombardino's refusal to testify at Petitioner's first trial, and there was no other

evidence offered to support a finding that the racketeering conspiracy continued into the limitations period.  The Court finds that Petitioner's Fourteenth Amendment due process rights were not violated by the trial court's jury instructions because the trial court emphasized that the state bore the burden of proving beyond a reasonable doubt that the racketeering conspiracy had continuing vitality after January 2, 1988.  However, the Court will issue a Certificate of Appealability on this ground.  Because Respondents have stated that they will appeal the Court's grant of the writ of habeas corpus, the Court will grant a stay of its decision pending appeal; otherwise, the State of New Jersey must either retry Petitioner within ninety days or release him.  An appropriate order will follow.

                                                */s/ Anne E. Thompson*
                                    ANNE E. THOMPSON, U.S.D.J.

Date: November 14, 2014